Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 5588 | DATE | 5/17/2012 |
| CASE TITLE | Michael J. Young vs. CitiMortgage, Inc. | | |

### DOCKET ENTRY TEXT

Plaintiff's Motion to Remand to State Court [12] is denied.

■[ For further details see text below.]   Docketing to mail notices.

### STATEMENT

Before the Court is Plaintiff Michael J. Young's ("Young") Motion to Remand to State Court. For the following reasons, the motion is denied.

At issue is whether the amount in controversy meets the statutory minimum amount for diversity jurisdiction under 28 U.S.C. § 1332(a). "The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed." Oshana v. Coca-Cola Co., 472 F.3d 506, 510 (7th Cir. 2006). The proponent of jurisdiction "has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met" and a "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." Id. at 511.

Once the proponent has made such a showing regarding the amount in controversy, "the plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" Id. (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)); see also Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 541 (7th Cir. 2006) ("[O]nce these facts have been established the proponent's estimate of the claim's value must be accepted unless there is 'legal certainty' that the controversy's value is below the threshold."). The removing party need not show that the plaintiff will necessarily collect more than $75,000 if they should prevail; but rather, the "burden ... is to show what the plaintiff hopes to get out of the litigation." Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 816 (7th Cir. 2006).

At the time of removal, Young sought compensatory damages in an amount greater than $50,000.01 but less than $69,500.00. In addition, Young requested "such other relief as may be just and equitable." Compl. at 11. Defendant CitiMortgage, Inc. ("Citi") alleged that the requested compensatory damages along with an award for punitive damages under counts II and VI for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2, will exceed $75,000, thereby satisfying the amount in controversy. "Where both actual and punitive damages are recoverable under a complaint each

| STATEMENT |
|---|

must be considered to the extent claimed in determining the jurisdictional amount." Cadek v. Great Lakes Dragaway, 58 F.3d 1209, 1211 (7th Cir. 1995) (quoting Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943)).

In considering punitive damages for the amount in controversy, "the court must first determine whether punitive damages are recoverable under state law." LM Ins. Corp. v. Spaulding Enters., 533 F.3d 542, 551 (7th Cir. 2008). "If punitive damages are available, subject matter jurisdiction exists unless it is 'legally certain' that the plaintiff will be unable to recover the requisite jurisdictional amount." Id. Punitive damages are available under the Illinois Consumer Fraud and Deceptive Business Practices Act. See Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co., 637 F.3d 827, 831 (7th Cir. 2011) ("Fraud is a common ground of punitive damages in Illinois."); Keeling v. Esurance Ins. Co., 660 F.3d 273, 275 (7th Cir. 2011) ("Punitive damages are available under both the common law of fraud and the Illinois Consumer Fraud and Deceptive Business Practices Act."); Slovinski v. Elliot, 927 N.E.2d 1221, 1225 (2010) ("Punitive damages may be awarded when …'committed with fraud, actual malice … or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard for the rights of others.'"(quoting Kelsay v. Motorola, Inc., 384 N.E.2d 353, 359 (1978)). In light of Young's six count Complaint, where he requests up to $69,500 in compensatory damages and all other just relief, which includes punitive damages available under at least counts II and VI, it is not "legally certain" that the plaintiff will be unable to recover in excess of $75,000.

Young attempts to overcome this obstacle by filing a post-removal affidavit, attached to his reply brief, in which he disclaims any award for punitive damages and "disavow[s] any award greater than $69,500.00." Aff. of Michael J. Young ¶ 4. Although events subsequent to removal may be considered in order to clarify the amount that the plaintiff was seeking at the time of removal Carroll v. Stryker Corp., 658 F.3d 675, 681 (7th Cir. 2011), Young's affidavit goes beyond mere clarification to changing his original prayer for relief. At no time prior to removal did Young attempt to disclaim punitive damages or amend his six count Complaint. Having been filed after removal, Young's affidavit does not affect the amount in controversy for purposes of determining diversity jurisdiction. See Hunt v. DaVita, Inc., No. 11-2509, 2012 WL 1560396, at *1 (7th Cir. May 4, 2012) ("[Plaintiff's] post-removal disclaimer of damages exceeding $75,000 could not defeat federal jurisdiction after a proper removal based on the complaint."); see also Back Doctors Ltd., 637 F.3d at 830 ("[A] declaration by the plaintiff following removal does not permit remand.").

Defendant has met its burden regarding the requisite amount in controversy for diversity jurisdiction by a preponderance of the evidence by showing $69,500 in compensatory damages and the availability of punitive damages. Therefore, the amount in controversy meets the statutory minimum amount for purposes of diversity jurisdiction. Accordingly, Young's motion to remand to state court is denied.

IT IS SO ORDERED.

U.S. DISTRICT COURT

2012 MAY 21 PM 12:43

FILED